UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DEBORAH DANIEL,

                Plaintiff,

-against-

UNUMPROVIDENT CORPORATION,
UNUM LIFE INSURANCE COMPANY
OF AMERICA, LIB/GO TRAVEL, INC.
GROUP LONG TERM DISABILITY PLAN,
and LIB/GO TRAVEL, INC. GROUP LIFE
INSURANCE PLAN

                Defendants.
----------------------------------------X

**OPINION & ORDER**
**CV-04-1073 (SJF)**

FEUERSTEIN, J.

    Deborah Daniel (plaintiff) commenced this action against defendants UnumProvident Corporation (UnumProvident), UNUM Life Insurance Company of America (UNUM Life), Lib/Go Travel, Inc. Group Long Term Disability Plan, and Lib/Go Travel, Inc. Group Life Insurance Plan under section 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). By order dated March 13, 2006, I deemed the parties' respective motions for judgment on the administrative record to be cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, denied plaintiff's motion and granted defendants' motion and dismissed the complaint in its entirety. Judgment was entered in favor of defendants on March 22, 2006. Plaintiff now moves for reconsideration of the prior order. For the reasons set forth herein, plaintiff's motion is denied.

1

I.  DISCUSSION

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 (Local Rule 6.3), which requires, *inter alia*, that a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" be served within ten (10) days after the entry of the court's order determining the original motion or "in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment." (emphasis omitted). In addition, Local Rule 6.3 states that "[n]o affidavits shall be filed by any party unless directed by the court." The requirements of Local Rule 6.3 are strictly construed. See, U.S. v. Gross, No. 98 CR 0159, 2002 WL 32096592, at * 3 (E.D.N.Y. Dec. 5, 2002); PAB Aviation, Inc. v. U.S., No. 98 CV 5952, 2000 WL 1240196, at * 1 (E.D.N.Y. Aug. 24, 2000).

Since judgment was entered upon the order of which plaintiff seeks reconsideration on March 22, 2006, and plaintiff filed her motion on March 30, 2006, plaintiff's motion is timely pursuant to Local Rule 6.3.

In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. Gross, 2002 WL 32096592, at * 3. A party may not use a motion to reconsider as an opportunity to reargue the same points previously raised; to advance new arguments, which are deemed waived; or to introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence. Gross, 2002 WL 32096592, at * 4; PAB Aviation, 2000 WL 1240196, at * 1. The purpose of a motion to reconsider is to allow the court to correct its own mistake, by

calling to its attention a factual matter or a controlling precedent previously advanced by the parties, but overlooked by the court. PAB Aviation, 2000 WL 1240186, at * 1; Construction Industry Services Corp. v. Hanover Ins. Co., 206 F.R.D. 43, 54 (E.D.N.Y. 2002). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Gross, 2002 WL 32096592, at * 4.

Plaintiff does not contend that there has been an intervening change of controlling law and does not present any new evidence that was not available on the original motion. Rather, plaintiff contends that this Court made a mistake of law in failing to consider documents submitted by her on her motion and in limiting its review to the administrative record and then proceeds to reargue the issue of it was UNUM Life or UNUMProvident who rendered the adverse decision. Upon review of plaintiff's contentions, I find that it was proper to limit my review to the administrative record submitted by both parties and, thus, plaintiff's motion for reconsideration is denied.

III. CONCLUSION

Plaintiff's motion for reconsideration of the March 13, 2006 order is denied.

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN
United States District Judge

Dated: July/5, 2006
Central Islip, New York

3

Copies to:

Fusco, Brandenstein & Rada, PC
180 Froehlich Farm Boulevard
Woodbury, New York 11797

Begos & Horgan, LLP
7 Pondfield Road
Bronxville, New York 10708